UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21230-KMM

ISABEL DEL PINO ALLEN,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant GEICO General Insurance Company's ("Defendant") Motion to Dismiss or in the Alternative Motion for More Definite Statement. (ECF No. 3). This case was referred to the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 14). On June 12, 2024, Magistrate Judge Elfenbein issued a Report and Recommendation, ("R&R") (ECF No. 20), recommending that the Motion be GRANTED and that *pro se* Plaintiff Isabel Del Pino Allen's ("Plaintiff") Complaint, (ECF No. 1-1), be DISMISSED WITHOUT PREJUDICE. Plaintiff filed timely objections, ("Obj.") (ECF No. 21), and Defendant filed a response, ("Resp.") (ECF No. 22). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

---

[1] The Court assumes the Parties' familiarity with the facts and procedural history, which are set forth in detail in the R&R. *See* R&R at 1–5.

## I. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the [R&R] not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II. DISCUSSION

As set forth in the R&R, Magistrate Judge Elfenbein concludes that Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim for either breach of contract or breach of fiduciary duty under Florida law. *See generally* R&R. First, Magistrate Judge Elfenbein concludes that Plaintiff fails to plausibly allege a breach of contract claim under Florida law against Defendant because there is no allegation that a contract existed between the Parties. *See id.* at 6–8. Specifically, Magistrate Judge Elfenbein explains that Plaintiff fails to allege (1) that Defendant made her an offer, (2) that she accepted Defendant's offer, (3) that the Parties exchanged

consideration, or (4) the specific terms of any agreement existing between her and Defendant. *Id.* at 7. Moreover, Magistrate Judge Elfenbein finds that even if a contract did exist, Plaintiff nevertheless fails to plausibly allege the other two elements of a breach of contract claim under Florida law, namely breach or damages. *See id.*

Additionally, Magistrate Judge Elfenbein concludes that Plaintiff fails to plausibly allege a breach of fiduciary duty claim under Florida law. *See id.* at 8–12. First, and most importantly, Magistrate Judge Elfenbein finds that Plaintiff fails to allege facts supporting the existence of a fiduciary relationship between Plaintiff and Defendant. *See id.* at 9–11. Yet even if Plaintiff's allegations established that Defendant owed her a fiduciary duty, Magistrate Judge Elfenbein further finds that Plaintiff fails to allege facts that a breach of fiduciary duty occurred or that Plaintiff experienced harm as a result of that breach. *See id.* at 11–12. Accordingly, Magistrate Judge Elfenbein finds that Plaintiff fails to plausibly allege sufficient factual matter to state a claim for breach of fiduciary duty under Florida law, requiring dismissal of her claim. *See id.* at 12.

On June 21, 2024, Plaintiff filed a "Notation of Errors of Fact and Law in the June 12, 2024 Issued Report." *See* Obj. As best the Court can tell, Plaintiff raises three primary objections to the R&R. *See generally id.*

First, Plaintiff contends that Magistrate Judge Elfenbein failed to construe Plaintiff's factual allegations in the light most favorable to her. *See id.* at 1. Specifically, Plaintiff asserts that the R&R's findings are "based on Defendant's interpretation of Plaintiff's claims" rather than on "the factual allegations in Plaintiff's complaint." *Id.* (cleaned up). Plaintiff's first objection is not supported by the record, as the R&R makes clear that Magistrate Judge Elfenbein applied the correct legal standard in this case. *See* R&R at 5 ("[T]he court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." (quoting *Dusek v.*

3

*JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016)).  Instead, as Defendant explains in its response, Magistrate Judge Elfenbein merely stated that Defendant had interpreted Plaintiff's Complaint as alleging a count for breach of contract and a count for breach of fiduciary duty, a legal interpretation that Plaintiff did not dispute in her response to Defendant's Motion to Dismiss. *See* R&R at 4; Resp. at 3.

Second, Plaintiff appears to argue that Magistrate Judge Elfenbein failed to appreciate that an order entered by Judge Altonaga in a different case recognized that under Florida's non-joinder statute Defendant owed a "legal obligation" to Plaintiff.  *See* Obj. at 1.  Plaintiff's second objection misinterprets the R&R's discussion of Florida's non-joinder statute and Judge Altonaga's prior order.  In the R&R, Magistrate Judge Elfenbein explains that neither the language of Judge Altonaga's order nor the language of Florida's non-joinder statute can serve as the basis for the creation of a contract or legal obligation between Defendant and Plaintiff.  *See* R&R at 10–11. Moreover, Magistrate Judge Elfenbein explains that "[e]ven if Plaintiff's allegations established that Defendant owed her a fiduciary duty," Plaintiff's breach of fiduciary duty claim still fails because Plaintiff "failed to allege facts that a breach of fiduciary duty occurred or that she experienced harm due to that breach." *Id.* at 11.  This Court agrees with Judge Elfenbein's well-reasoned analysis.

Finally, Plaintiff takes issue with several aspects of the R&R's description of the factual and procedural history of this case. *See id.* at 2–16.  Among other things, Plaintiff asserts that the R&R misinterprets or omits certain allegations in the Complaint, "disregards" the Complaint's causes of action, and "distorts its gravamen." *See id* at 2.  Having independently reviewed the Complaint and the pertinent portions of the record, the Court finds these objections are without merit.  Although Plaintiff quibbles with certain language in the R&R's description of the case and

4

Plaintiff's allegations, the Court finds that the R&R accurately describes the factual and procedural background of the case, as well as the pertinent allegations and theories of liability asserted by Plaintiff in her Complaint.

Accordingly, upon independent review, this Court agrees with the findings and recommendations set forth in Magistrate Judge Elfenbein's thorough and well-reasoned R&R.

### III.  CONCLUSION

UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 20) is ADOPTED.  Defendant's Motion to Dismiss (ECF No. 3) is GRANTED. Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE with leave to amend.  The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __1st__ day of August, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record